UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN BLOESCH,

    Plaintiff,

v.

WAL-MART STORES EAST, LP and
JOHN OR JANE DOE, Store Manager,

    Defendants.
_____/

CASE NO. 8:19-cv-3156-T-02TGW

## **ORDER**

This cause comes before the Court on Plaintiff's motion to remand (Dkt. 7), Defendant Wal-Mart's response (Dkt. 14), and Plaintiff's reply and motion for leave to amend the complaint (Dkt. 18). After careful consideration of the pleadings, the submissions of the parties, and the entire file, the Court concludes Plaintiff should be permitted to amend the complaint. The Court will necessarily address remand in this Order.

### BACKGROUND

An employee of Defendant Wal-Mart Stores East, LP ("Wal-Mart") was operating a motorized cart pusher and struck Plaintiff's hotdog cart while Plaintiff was attempting to hitch the cart to his truck. The heavy cart fell on Plaintiff, and he suffered injuries. Dkt. 1-1 at 2; Dkt. 1-3 at 1; Dkt. 7-2 at 26.

Plaintiff initially sued Wal-Mart and "John or Jane Doe, Store Manager" in Florida's Sixth Judicial Circuit Court on November 18, 2019. Dkt. 1-1. Plaintiff is domiciled in Florida, and Wal-Mart in Delaware with its principal place of business in Arkansas. Dkt. 1 at 5–6. This case was removed to this Court on December 24, 2019 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Dkt. 1. Wal-Mart contends that Plaintiff fraudulently joined the unknown store manager to avoid complete diversity. Dkts. 1, 14.

Plaintiff's counsel propounded discovery in the state court case to seek the name of the store manager. Having failed to receive the name before removal, Plaintiff's counsel has now identified the store manager through its own work product. Dkt. 18 at 2. Plaintiff now requests to amend the complaint to name the manager.

## JOINDER

Diversity jurisdiction is determined in this case at the time of removal. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (citation omitted). The defendant carries the burden of demonstrating by a preponderance of the evidence complete diversity of citizenship. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Original jurisdiction is destroyed where the plaintiff and one of the defendants are citizens of the same state. 28 U.S.C. § 1332(a); *Castelli v. Target Corp.*, No. 8:19-cv-1206-T-36AAS

2

(M.D. Fla. Nov. 12 and 13, 2019) (orders at Dkts. 20 and 22) (remanding to state court once "Unknown Store Manager" was located and named in an amended complaint); *Petersen v. The Fresh Market, Inc.*, 8:19-cv-2360-T-02JSS (M.D. Fla. Dec. 11, 2019) (order at Dkt. 32) (same). As in *Castelli*, the unidentified store manager here is treated as a fictitiously named defendant whose citizenship must "be disregarded for purposes of diversity jurisdiction." *Id*. at Dkt. 20 at 4 (citing 28 U.S.C. § 1441(b) and *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019)).

If the store manager Jose Madera-Montanez is joined, or rather substituted for the fictitious defendant, there will be no complete diversity of citizenship among the parties because the manager shares the same citizenship as the Plaintiff—Florida. Dkt. 18-1 at ¶ 5 (Proposed Amended Complaint). The issue is whether such joinder is fraudulent under 28 U.S.C. § 1447(e). To assess fraudulent joinder, this Court must consider whether 1) the purpose of the amendment is to defeat federal jurisdiction, 2) the plaintiff has been dilatory in seeking amendment, 3) the plaintiff will be significantly injured if amendment is not allowed, and 4) any other factors bear on the equities. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (11th Cir. 1987); *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (per curiam) (citing *Hensgens*); *Castelli*, No. 8:19-cv-1206-T-26AAS at Dkt. 20 at 3, 5–6 (citing *Dever* and *Hensgens*). When the

3

plaintiff seeks to name a new nondiverse defendant in a removed case, "justice requires that the district court also balance the defendant's interests in maintaining the federal forum." *Dever*, 755 F. App'x at 869.

*Factor 1 - Purpose of Amendment*

According to Wal-Mart, Plaintiff's sole purpose for adding the specific store manager is to defeat federal jurisdiction. Wal-Mart contends John or Jane Doe store manager cannot be held liable on a theory that he or she failed to properly carry out general administrative responsibilities. *See White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). Wal-Mart argues the failure to allege the store manager's personal fault or "active" negligence in bringing about Plaintiff's incident prevents the amendment. Dkt. 14 at 3–4. As examples given, the complaint does not allege John or Jane Doe personally caused the automated shopping cart pusher to strike Plaintiff. Neither does it allege that the store manager was in the area of the incident when it occurred or had knowledge of any dangerous or reckless conduct of a Wal-Mart employee on the day of the incident. Dkt. 14 at 12.

This argument has been made and extensively analyzed before. *See, e.g.*, *Nelson v. Boston Market Corp.*, No. 8:16-cv-3355-T-24TBM, 2017 WL 393870 (M.D. Fla. Jan. 30, 2017); *Castelli*, at Dkt. 20 at 6–9. The Court adopts and

4

applies the reasoning in *Nelson* and *Castelli*. In Plaintiff's state court complaint, he alleged a separate count against the unknown store manager for negligence. Dkt. 1-1. Based on the allegations of both the initial complaint and the proposed amended complaint, Plaintiff states at least an arguable negligence claim against the store manager, who has now been identified. Having initially asserted a negligence claim against John or Jane Doe store manager, the purpose of the proposed amended complaint to add the nondiverse manager is not fraudulent joinder. *See Technical Olympic USA, Inc. v. Deutsche Bank Trust Co. Ams.*, No. 06-61830-CIV-DIMITROULEAS, 2007 WL 9700946, at *5 (S.D. Fla. Mar. 19, 2007) (noting "plaintiff's inclusion of fictitious defendants" in state court complaint indicates "intent to amend" complaint to add defendant once identified and weighs against inference of destroying diversity).

*Factor 2 - Dilatory*

Not three months have passed since this case was removed from state court. Plaintiff attempted to identify the unknown store manager as early as the filing of the state court action. Despite Plaintiff's repeated attempts to discover Mr. Madera-Montanez's identity, Defendant refused to provide a name. Plaintiff was not dilatory in seeking joinder.

*Factor 3 – Significant Injury to Plaintiff*

Plaintiff will be significantly injured if required to pursue his claim against the store manager in state court. *See Nelson*, 2017 WL 393870, at *2. Forced parallel litigation in federal and state court may constitute significant injury. *See id.*; *Kelly v. Stillwater Preserve Dev., LLC*, No.8:18-cv-98-T-27AEP, 2018 WL 7460057, at *2–3 (M.D. Fla. Nov. 14, 2018). This fact militates toward allowing amendment.

*Factor 4 - Other Factors Bearing on Equities*

Defendant was in the best position to know the citizenship of John or Jane Doe but removed the case. This fact has been held to weigh in favor of allowing the amendment. *See Technical Olympic USA*, 2007 WL 9700946, at *6 (collecting cases).

Having considered the *Hensgens* factors and exercising discretion, the Court permits the amendment. Once the amended complaint is filed, diversity jurisdiction will not exist, and the Court will grant remand by separate order.[1]

It is therefore **ORDERED AND ADJUDGED** that the Plaintiff's motion to amend (Dkt. 18) is granted. Plaintiff shall file an amended complaint in the form attached as Exhibit A to the motion on or before March 19, 2020. The Clerk is

---

[1] In view of this ruling, the Court need not address the amount in controversy.

directed to place Plaintiff's demand letter found at docket 1-3 under seal until a redacted copy is filed as Defendant agreed.[2] The parties' requests for fees and sanctions are denied.

    **DONE AND ORDERED** at Tampa, Florida, on March 12, 2020.

                                  *s/William F. Jung*
                                  **WILLIAM F. JUNG**
                                  **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[2] *See* Dkt. 14 at 18.